UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERIN MCGUIRE | : | |
| Plaintiff, | : | |
| | : | CIVIL NO. 3:14-cv-01471- SRU |
| v. | : | |
| | : | |
| TOWN OF STRATFORD | : | |
| Defendant | : | MAY 12, 2015 |

# AMENDED COMPLAINT
# JURISDICTION AND VENUE

1. This action arises under arises under Title VII of the Civil Rights Act of 1964 codified as 42 U.S.C. 2000e, *et al*. ("Title VII").

2. The jurisdiction of the Court is founded upon 28 U.S.C. 1331 (federal question) and 28 U.S.C. 1343.

3. Venue is proper in the District of Connecticut, pursuant to 28 U.S.C. §1391(b) in that the claims arose in this district and Plaintiff resides in this district.

4. Supplemental jurisdiction over Plaintiff's supplemental state law claims are invoked pursuant to 28 U.S.C. §1367 as the claims arise out of the same transaction and occurrences as Plaintiff's federal claims.

5. Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. §1988.

6. The Plaintiff filed a timely claim with the Equal Employment Opportunity Commission ("EEOC") on February 4, 2014.

7. The Plaintiff received her Notice of Right to Sue from the EEOC on July 8, 2014.

**THE PLAINTIFF**

8. The Plaintiff, Erin McGuire (hereinafter referred to as "Plaintiff") resides at 17 Holbrook Place, Ansonia, Connecticut 06401.

**THE DEFENDANT**

9. The Defendant, Town of Stratford (hereinafter referred to as the "Town"), is located at 2725 Main Street, Stratford, Connecticut 06615.

**PRELIMINARY STATEMENT**

10. The Plaintiff seeks, by this action, to recover damages and other relief as a result of the Defendant's violations of Title VII, retaliation, and violations of Connecticut state law.

**FACTS**

11. The Plaintiff, a female, was hired by the Defendant on January 29, 2001, as an Information Technology Services Manager, within the Town's Information Technology Department.

12. On or about October 22, 2013, two flavored condoms were placed on Plaintiff's work desk by Mr. Thomas Eckels (hereinafter "Eckels"), Information Technology Services Manager.

13. Plaintiff's work desk was located in an office, within Town Hall, in a location visible to other co-workers, and was shared with Mr. Eckels, and another male co-worker, Richard Hatcher ("Hatcher"), Information Systems Manager.

14. On October 24, 2013, Mr. Eckels came into work and subjected Plaintiff to further unwelcomed sexual harassment by stating to Plaintiff's co-worker, Mr. Hatcher, and Vincent Maniscalco ("Maniscalco"), an Independent Contractor, in front of

Plaintiff, that he left the two condoms on Plaintiff's work desk.

15. Mr. Eckels further stated to Mr. Hatcher and Mr. Maniscalco, in front of Plaintiff, that since the Plaintiff was going to Italy on vacation that he gave her the condoms because she needed to be "safe" from all the men in Italy grabbing at her and needed the condoms to protect herself.

16. Mr. Eckels further sexually harassed the Plaintiff on a routine basis by stating to her and others that she had a personal relationship with Mr. Maniscalco, even though they were only friendly co-workers.

17. Mr. Eckels would frequently tell the Plaintiff that she only worked for the Town to be close to Mr. Maniscalco, who often performed independent contractor work for the Town.

18. On or about December 11, 2013, the Plaintiff verbally complained to Mr. David Wright ("Wright"), her immediate supervisor, about how "disgusting," "inappropriate," and "vulgar" it was for Mr. Eckels to leave condoms on her work desk.

19. During the same December 11th conversation, Plaintiff also complained to Mr. Wright about Mr. Eckels' verbal sexual harassment, in which he insisted, on a routine basis, that Plaintiff had a personal relationship with Mr. Maniscalco.

20. Mr. Wright, as Plaintiff's immediate supervisor should have followed the appropriate chain-of-command and reported Mr. Eckels' behavior to Human Resources ("HR").

21. On December 13, 2013, during the Town's usual morning business meeting, Mr. Eckels verbally apologized to Plaintiff for leaving the condoms on her desk.

22. During that same meeting, Mr. Wright, Plaintiff's supervisor, questioned the Plaintiff, with Mr. Eckels present, attempting to justify Mr. Eckles behavior by asking if there would be a difference if Carissa, a female in the health department had left the condoms on her desk, as opposed to Mr. Eckels.

23. In response, Plaintiff, again, informed Mr. Wright of Mr. Eckels' inappropriate behaviors and sexually harassing comments, as aforesaid.

24. While Mr. Wright questioned Plaintiff, Mr. Ron Ing ("Ing"), Director of IT and Director of HR, entered the room and Mr. Eckels and Mr. Wright became silent, indicating that Plaintiff's complaints to Mr. Wright were not reported to HR.

25. Shortly after Mr. Eckels December 13th verbal apology, Plaintiff was repairing a co-worker's work computer, which had a lot of viruses on it. While repairing the co-worker's computer, Mr. Eckels stated to Plaintiff that she caused the virus by searching the web browser for pornography.

26. On December 19, 2013, realizing that her verbal complaints were not reported to HR by her supervisor Mr. Wright, the Plaintiff wrote an email to Mr. Ing, Director of HR and the Mayor of the Town of Stratford, John A. Harkins, complaining about Mr. Eckels' unwanted sexual harassment towards her.

27. Specifically, Plaintiff's December 19th e-mail complained about the following inappropriate and sexually harassing comments of Mr. Eckels to HR and the Mayor of the Town of Stratford. Plaintiff complained that:

 (a). Mr. Eckles left two condoms on her work desk;

 (b). Mr. Eckels subjected her to further unwelcomed sexual harassment by stating in front of her that he left the two condoms on her work desk to Plaintiff's co-worker, Mr. Hatcher and Mr. Maniscalco, an Independent

      Contractor;

  (c). Mr. Eckels further stated to Mr. Hatcher and Mr. Maniscalco, in front of Plaintiff, that since the Plaintiff was going to Italy on vacation that he gave her the condoms because she needed to be "safe" from all the men in Italy grabbing at her and that she needed the condoms to protect herself;

  (d). Mr. Eckels further sexually harassed the Plaintiff on a routine basis by insisting to her and others that she had a personal relationship with Mr. Maniscalco, even though they were only co-workers; and

  (e). Mr. Eckels would frequently tell the Plaintiff that she only worked for the Town because Mr. Maniscalco performed independent contractor work there, again raising a strong presumption of an ongoing personal relationship.

28. Plaintiff's December 19th e-mail to HR and the Mayor of the Town of Stratford also informed the Mayor and HR that the conversation between Mr. Wright and Mr. Eckels became quiet when Mr. Ing walked into the room, indicating that her supervisor did not report Mr. Eckels' inappropriate and offensive behavior to HR.

29. Plaintiff's allegations against Mr. Eckles were substantiated by Mr. Ing, following an investigation.

30. Following Plaintiff's formal sexual harassment Complaint with HR and the Town of Stratford's Mayor, she was subjected to retaliation.

31. In retaliation, on December 23rd, just four days after Plaintiff reported Mr. Eckels to HR, Mr. Eckels filed a sexual harassment complaint against Plaintiff with HR.

32. After Plaintiff filed her HR complaint, Mr. Eckels' inappropriate and sexually harassing comments continued.

33. Mr. Eckels' inappropriate and sexually harassing comments were made openly in front of Plaintiff and Plaintiff's co-workers, and Independent Contractor, Mr.

Maniscalco.

34. On another occasion, on December 24, 2013, Robert McGrath's ("McGrath"), Fire Chief of Stratford, complained, via email, to Mr. Wright, about Plaintiff eating her lunch while repairing computers in the Administrative Fire Department Offices.

35. A month later, on January 27, 2014, Mr. Wright requested a meeting with Plaintiff to discuss Mr. McGrath's, Fire Chief of Stratford, complaint about Plaintiff eating her lunch while repairing computers in the Administrative Fire Department Offices and verbally warned Plaintiff that it could result in discipline.

36. Plaintiff was invited to eat in the Administrative Office by Mr. McGrath's Secretary.

### COUNT ONE
### (Violation of Title VII of the Civil Rights
### Act of 1964, As Amended – Sexual Harassment)

37. Plaintiff hereby incorporates Paragraphs 1-36 as if fully set forth herein.

38. Plaintiff, a female, was subject to gender discrimination, harassment, and sexual harassment in the workplace.

39. Mr. Eckels continued a pattern of harassing and sexually harassing behavior directed towards the Plaintiff on a routine basis.

40. Plaintiff's December 19th e-mail complained about the following inappropriate and sexually harassing comments of Mr. Eckels to HR and the Mayor of the Town of Stratford. Plaintiff complained that:

   (a). Mr. Eckles left two condoms on her work desk;

   (b). Mr. Eckels, subjected her to further unwelcomed sexual harassment by stating in front of her that he left the two condoms on her work desk to Plaintiff's co-worker, Mr. Hatcher and Mr. Maniscalco, an Independent

        Contractor;

    (c). Mr. Eckels further stated to Mr. Hatcher and Mr. Maniscalco, in front of Plaintiff, that since the Plaintiff was going to Italy on vacation that he gave her the condoms because she needed to be "safe" from all the men in Italy grabbing at her and needed the condoms to protect herself;

    (d). Mr. Eckels further sexually harassed the Plaintiff on a routine basis by insisting to her and others that she had a personal relationship with Mr. Maniscalco, even though they were only co-workers;

    (e). Mr. Eckels would frequently tell the Plaintiff that she only worked for the Town because Mr. Maniscalco performed independent contractor work for the Town, again raising a strong presumption of an ongoing personal relationship; and

    (f). Mr. Eckels made offensive comments to Plaintiff that she caused a virus on a co-worker's work computer because she searched the web browser for pornography at work.

41. Mr. Eckels' inappropriate and sexually harassing comments and behavior were reported to her direct supervisor, Mr. Wright.

42. Mr. Eckels' inappropriate and sexually harassing comments and behavior were further reported to Mr. Ing, Human Resources and the Mayor of the Town of Stratford, John A. Harkins.

43. Mr. Eckels' harassment affected the Plaintiff's terms, conditions, and privileges of employment by creating a sexually harassing and hostile working environment.

44. The Defendant, Town of Stratford, is responsible because it knew or should have known of the sexual harassment of its employees and it failed to take prompt and effective remedial action.

45. Defendant's Mayor, John A. Harkins was informed of Mr. Eckels' harassing and sexually harassing comments behavior towards the Plaintiff and the comments and behavior continued.

46. Defendant's supervisor, Mr. Wright, was informed and knowledgeable of Mr. Eckels' harassing and sexually harassing behaviors by the Plaintiff on several occasions.

47. Defendant's Human Resources, Mr. Ing, was informed and knowledgeable of Mr. Eckels' harassing and sexually harassing behaviors by the Plaintiff on several occasions.

48. After such actual notification, the Defendant failed to take prompt or effective remedial action.

49. Plaintiff was embarrassed, humiliated, disturbed, disgusted, intimidated and offended by Mr. Eckels' conduct, which had a substantially negative effect on the conditions of her work environment.

50. Defendant, its agents, servants and employees conducted themselves in an abusive, intimidating, insulting and offensive manner and created a hostile work environment, of which Defendant had knowledge.

51. Despite complaints to, verification of, and knowledge of the foregoing conduct, Defendant neglected and refused to take adequate measures to stop the offensive conduct.

52. Defendant's conduct is unlawful and in violation of Title VII, as amended.

53. The Plaintiff was forced to continue to be subjected to a hostile and sexually harassing work environment as a result of Defendant's negligence.

54. Mr. Eckels' inappropriate behavior was frequent and severe and thus created a hostile and offensive work environment.

55. As a result of the foregoing unlawful conduct, the Plaintiff suffered and will continue to suffer damages including but not limited to economic damages and loss of benefits, emotional and psychological stress, distress, anxiety, and the ability to enjoy life's pleasures.

56. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

## COUNT TWO
### (Violation of Title VII of the Civil Rights Act of 1964 for Subjecting Plaintiff to a Hostile Work Environment)

57. Plaintiff hereby incorporates Paragraphs 1-36 and 37-56 as if more fully set forth herein.

58. Plaintiff, a female, was subjected to gender discrimination, harassment and sexual harassment in the workplace.

59. Mr. Eckels continually made sexually harassing remarks and comments, directed towards the Plaintiff.

60. Mr. Eckels continued a pattern of harassing and sexually harassing comments and behavior towards the Plaintiff on a routine basis.

61. Plaintiff's December 19th e-mail complained about the following inappropriate and sexually harassing comments of Mr. Eckels to HR and the Mayor of the Town of Stratford. Plaintiff complained that:

   (a). Mr. Eckles left two condoms on her work desk;

   (b). Mr. Eckels subjected her to further unwelcomed sexual harassment by stating in front of her that he left the two condoms on her work desk to Plaintiff's co-worker, Mr. Hatcher and Mr. Maniscalco, an Independent Contractor;

   (c). Mr. Eckels further stated to Mr. Hatcher and Mr. Maniscalco, in front of

        Plaintiff, that since the Plaintiff was going to Italy on vacation that he gave her the condoms because she needed to be "safe" from all the men in Italy grabbing at her and needed the condoms to protect herself;

    (d). Mr. Eckels further sexually harassed the Plaintiff on a routine basis by stating to her and others that she had a personal relationship with Mr. Maniscalco, even though they were only co-workers;

    (e). Mr. Eckels would frequently tell the Plaintiff that she only worked for the Town because Mr. Maniscalco performed independent contractor work there, again raising a strong presumption of an ongoing personal relationship; and

    (f). Mr. Eckels made offensive comments to Plaintiff that she caused a virus on a co-worker's work computer because she searched the web browser for pornography at work.

62. Mr. Eckels' inappropriate and sexually harassing comments and behavior were reported to her direct supervisor, Mr. Wright.

63. Mr. Eckels inappropriate and sexually harassing comments and behavior were further reported to Mr. Ing, Human Resources and the Mayor of the Town of Stratford, John A. Harkins.

64. Defendant's Mayor, John A. Harkins was informed of Mr. Eckels' harassing and sexually harassing behavior towards the Plaintiff.

65. Defendant's Supervisor, Mr. Wright, was informed and knowledgeable of Mr. Eckels' harassing and sexually harassing behaviors towards the Plaintiff on several occasions.

66. Defendant's Human Resources, Mr. Ing, was informed and knowledgeable of Mr. Eckels' harassing and sexually harassing behaviors by the Plaintiff on multiple occasions.

67. After such actual notification, the Defendant failed to take prompt effective

remedial action.

68. Plaintiff was embarrassed, humiliated, disturbed, disgusted, intimidated and offended by Mr. Eckels' conduct, which negatively affected the conditions of her employment.

69. Defendant, its agents, servants and employees conducted themselves in an abusive, intimidating, insulting and offensive manner and created a hostile work environment of which Defendant had knowledge.

70. Despite complaints to, verification of, and knowledge of the foregoing conduct, Defendant neglected and refused to take appropriate measures to stop the offensive conduct.

71. The Plaintiff was forced to continue to be subjected to a hostile and sexually harassing work environment as a result of Defendant's negligence.

72. As a result of the foregoing unlawful conduct, the Plaintiff suffered and will continue to suffer damages including but not limited to economic damages and loss of benefits, emotional and psychological stress, distress, anxiety, and the ability to enjoy life's pleasures.

73. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

### COUNT THREE
### (Violation of Title VII for Retaliating Against Plaintiff)

74. Plaintiff hereby incorporates Paragraphs 1-36, 37-56, and 57-73 as if fully set forth herein.

75. Plaintiff was engaged in an activity protected by Title VII.

76. Mr. Eckels retaliated against the Plaintiff on December 23, 2013, four days after

Plaintiff complained to HR about his sexually inappropriate behavior and comments, by filing his own HR Complaint against Plaintiff.

77. The Defendant Town, via its employee, Mr. Wright, has taken adverse employment action against Plaintiff by issuing an unwarranted verbal warning against the Plaintiff, on January 27, 2014, after the Plaintiff filed a formal written complaint to HR on December 19, 2013.

78. The adverse employment actions taken by Defendant have been in retaliation for Plaintiff reporting Mr. Eckels' inappropriate and sexually harassing comments and behavior to HR.

79. Defendant's conduct is a violation of Title VII, as amended.

80. As a result of this on-going harassment and retaliation, Plaintiff has suffered and will continue to suffer damages including but not limited to, economic damages as well as, emotional, physical and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

81. As a result of the foregoing conduct, Plaintiff seeks compensatory and punitive damages as a result of Defendant's unlawful conduct.

## COUNT FOUR
### (Negligent Supervision)

82. Plaintiff hereby incorporates Paragraphs 1-36, 37-56, 57-73, and 74-81 as if fully set forth herein.

83. Plaintiff is a female.

84. Plaintiff was subject to gender discrimination, harassment and sexual harassment in

the workplace.

85. Mr. Eckels continually made sexually harassing remarks and comments to the Plaintiff

86. Mr. Wright, in his supervisory position, permitted Mr. Eckels' sexually harassing remarks and comments.

87. Mr. Eckels pattern of harassing and sexually harassing comments and behavior towards the Plaintiff continued on a regular basis.

88. Plaintiff's December 19th e-mail complained about the following inappropriate and sexually harassing comments of Mr. Eckels to HR and the Mayor of the Town of Stratford. Plaintiff complained that:

   (a). Mr. Eckles left two condoms on her work desk;

   (b). Mr. Eckels, subjected her to further unwelcomed sexual harassment by stating in front of her that he left the two condoms on her work desk to Plaintiff's co-worker, Mr. and Mr. Maniscalco, an Independent Contractor;

   (c). Eckels further stated to Mr. Hatcher and Mr. Maniscalco, in front of Plaintiff, that since the Plaintiff was going to Italy on vacation that he gave her the condoms because she needed to be "safe" from all the men in Italy grabbing at her and needed the condoms to protect herself;

   (d). Mr. Eckels further sexually harassed the Plaintiff on a routine basis by stating to her and others that she had a personal relationship with Mr. Maniscalco, even though they were only co-workers;

   (e). Mr. Eckels would frequently tell the Plaintiff that she only worked for the Town because Mr. Maniscalco performed independent contractor work there, again raising a strong presumption of an ongoing personal relationship; and

   (f). Mr. Eckels made offensive comments to Plaintiff that she caused a virus on a co-worker's work computer because she searched the web browser for pornography at work.

89. Mr. Eckels' inappropriate and sexually harassing comments and behavior were reported to her direct supervisor, Mr. Wright.

90. Mr. Eckels' inappropriate and sexually harassing comments and behavior were further reported to Mr. Ing, Human Resources, and the Mayor of the Town of Stratford, John A. Harkins.

91. The Defendant, Town of Stratford, is responsible because it knew or should have known of the sexual harassment and failed to take prompt remedial action.

92. Defendant's Mayor, John A. Harkins was informed of Mr. Eckels' harassing and sexually harassing behavior towards the Plaintiff.

93. Defendant's supervisor, Mr. Wright, was informed and knowledgeable of Mr. Eckels' harassing and sexually harassing behaviors towards the Plaintiff on several occasions.

94. Defendant's Human Resources, Mr. Ing, was informed and knowledgeable of Mr. Eckels' harassing and sexually harassing behaviors by the Plaintiff on several occasions.

95. After such actual notification, the Defendant failed to take prompt and effective remedial action.

96. The Plaintiff was forced to continue to be subjected to a hostile and sexually harassing work environment as a result of Defendant's negligent supervision of its employees.

97. As a result of the foregoing unlawful conduct, the Plaintiff suffered and will continue to suffer damages including but not limited to economic damages and loss

of benefits, emotional and psychological stress, distress, anxiety, and the ability to enjoy life's pleasures.

98. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

**PRAYER FOR RELIEF**

    **WHEREFORE,** the Plaintiff prays that this court award:
1. Money damages;
2. Costs;
3. Punitive damages, attorney fees, and expert witness fees;
4. Pre-judgment interest;
5. Trial by jury; and
6. Such other relief as the Court deems just, fair, and equitable.

    THE PLAINTIFF,
    ERIN MCGUIRE

    By:_____/s/_____
      Eugene Axelrod (ct00309)
      Michael C. McMinn (ct27169)
      Axelrod & Associates, LLC
      8 Lunar Drive
      Woodbridge, CT 06525
      Tel: 203-389-6526
      Fax: 203-389-2656
      Her Attorneys

## **CERTIFICATION**

I hereby certify that on May 12, 2015, copy of the foregoing was electronically filed and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system of by mail to anyone unable to accept electronic filing through the Court's CM/ECF System.

/s/<br>
Michael C. McMinn (ct27169)