UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIN MCGUIRE,<br>    Plaintiff,<br><br>        v.<br><br>TOWN OF STRATFORD,<br>    Defendant. | No. 3:14-cv-1471 (SRU) |

### ORDER

The plaintiff, Erin McGuire, brings this gender/sex discrimination action against the Town of Stratford, Connecticut ("the Town"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* McGuire brought the following causes of action against the Town: Sexual Harassment/*Prima Facie* Gender Discrimination (Count One); Hostile Work Environment (Count Two); Title VII Retaliation (Count Three); and Negligent Supervision (Count Four). (doc. 1) On September 4, 2015, the Town filed an answer with counterclaims against McGuire for conversion, statutory theft under Conn. Gen. Stat. § 52-564, and unjust enrichment. (doc. 48) On October 13, 2015, McGuire moved to dismiss the counterclaims for lack of subject matter jurisdiction. (doc. 53) On January 15, 2016, I denied McGuire's motion for reasons stated on the record. McGuire has now moved for reconsideration of my ruling. (doc. 67)

For the following reasons, McGuire's motion is **denied**.

### I.    Standard of Review

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d

255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

## II.      Background

The following factual allegations are set forth in McGuire's Consolidated Complaint. The Town hired McGuire as an Information Technology ("IT") Services Manager within the Town's IT Department on January 29, 2001. Consol. Compl. ¶ 12. Beginning in October, 2013, McGuire alleges that, beginning in October 2013, she was subjected to a campaign of sexual harassment by Thomas Eckels, a co-worker. *Id.* at ¶ 13. On May 16, 1014, after unsuccessful attempts to resolve the problem, McGuire was "constructively discharged" and forced to resign due to the harassment. *Id.* at ¶ 26.

In its answer, the Town asserted state-law counterclaims of conversion, statutory theft, and unjust enrichment against McGuire. Those counterclaims were based on an allegation that, beginning as early as the fall of 2013, McGuire had been removing and selling computer equipment owned by the Town without permission. Consol. Ans. at ¶ 1–7.

## III.     Discussion

McGuire moves for reconsideration of my previous ruling on two grounds: (1) the Town's counterclaims, which she argues are permissive, seek affirmative relief in addition to a damages set-off, and therefore must be supported by independent jurisdiction in order for me to

exercise supplemental jurisdiction over them; and (2) in a substantially similar argument to that in her initial motion, she asserts that a defendant *cannot* assert a counterclaim sounding in tort against a Title VII plaintiff.

Federal courts may exercise supplemental jurisdiction over state law claims when authorized by 28 U.S.C. § 1367. Section 1367(a) states that a district court may exercise supplemental jurisdiction over "all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." "A state law claim forms part of the same controversy if it and the federal claim derive from a common nucleus of operative fact." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004) (internal quotation marks and citation omitted). "In determining whether two disputes arise from a common nucleus of operative fact," courts query "whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court." *Ozawa v. Orsini Design Associates, Inc.*, 2015 WL 1055902, at *11 (S.D.N.Y. Mar. 11, 2015) (quoting *Achtman v. Kirby, McInerny & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006)).[1]

In her initial motion, McGuire argued that the counterclaims do not meet the case-or-controversy standard because they arise from completely different fact patterns during a completely different time period, and because they do not provide the basis for any of the Town's defenses to *liability*. I ruled that, because the counterclaims involve after-acquired evidence that would have provided the basis for termination once discovered and accordingly provide a defense to McGuire's *damages* claims, they are part of the instant case or controversy.

---

[1] Section 1367(c) limits the grant of jurisdiction under section 1367(a), providing that a district court may decline jurisdiction under certain enumerated circumstances. McGuire focuses her argument wholly on whether the Town's counterclaims fit under section 1367(a), and does not dispute that, if I conclude that the counterclaims do fit under that section, there is no need for me to nevertheless decline jurisdiction under the factors provided in section 1367(c). Accordingly, I do not consider section 1367(c) further here.

That ruling was based on several after-acquired evidence cases, *see Klein v. London Star Ltd.*, 26 F. Supp. 2d 689 (S.D.N.Y. 1998); *Deshaw v. Lord & Taylor, Div. of May Dep't Stores Co.*, 1991 WL 107271 (S.D.N.Y. June 13, 1991); and *Ginsberg v. Valhalla Anesthesia Associates, P.C.*, 971 F. Supp. 144 (S.D.N.Y. 1997); as well as my observation that there does not appear to be any principled basis in the section 1367(a) case-or-controversy definition itself that would grant federal jurisdiction over a counterclaim that was identical to a defense against liability, but not over a counterclaim identical to a defense against damages.

McGuire first attempts to relitigate the question whether the court may exercise supplemental jurisdiction over counterclaims arising out of after-acquired evidence in the employment context. She relies heavily on *Weber v. Fujifilm Med. Sys. U.S.A., Inc.*, 2011 WL 781172 (D. Conn. Feb. 28, 2011), and *Spencer v. Banco Real, S.A.*, 623 F. Supp. 1008 (S.D.N.Y. 1985), both cases to which she cited in her initial motion. *See* Pl.'s Mot. to Dismiss Br. at 4; Pl.'s Mot. to Dismiss Reply Br. at 5. She has not pointed to any controlling or significant case law that I overlooked in my initial ruling, but I will nevertheless articulate my reasoning more fully here.

In *Deshaw v. Lord & Taylor*, an age-discrimination case based on actual termination, a Southern District of New York court exercised supplemental jurisdiction over the defendant's counterclaim for actions taken by the plaintiffs against the defendant's business interests during his employment. 1991 WL 107271, at *4. Importantly, the defendant in that case, like the Town in the present case, argued that the after-acquired evidence that formed the basis of the counterclaims would also have constituted sufficient grounds for termination. *Id.* The *Deshaw* court reasoned that because any discovery pertinent to the counterclaims would accordingly be relevant to the primary claim, the counterclaims could be heard. *Id.* at *5. That reasoning is compelling to me. And McGuire herself provides the basis for such reasoning where she

4

correctly points out that the after-acquired evidence doctrine permits the Town to enter into the case-in-chief the same underlying facts that give rise to the counterclaims. *See* Pl.'s Br. at 7. That does not, as McGuire argues, prevent the Town from making a counterclaim on the same facts; instead, it underscores that the counterclaims arise from the same nucleus of operative facts, that they will be uncovered by the same discovery, and that they belong in this case.

By contrast, the cases on which McGuire relies are distinguishable because those defendants conceded that the subject matter of the counterclaims had no substantive relevance to the plaintiff's case-in-chief. *See Weber*, 2011 WL 781172, at *5 ("Defendants specifically disclaim any reliance on their after-acquired evidence defense for any purpose other the calculation of damages."); *Spencer*, 623 F. Supp. at 1012 (defendants' brief described the counterclaims as "*entirely unrelated to plaintiff's claims*") (emphasis in original); *Ginsberg v. Valhalla Anesthesia Assocs., P.C.*, 971 F. Supp. 144, 147 (S.D.N.Y. 1997) (defendant did not appear to argue that subject-matter of performance-related counterclaim would have provided an independent ground for termination). Moreover, a subsequent Western District of New York court has called *Spencer* into question, observing that the counterclaims did appear to go to the genuine reason for the plaintiff's termination and were, in fact, closely related to the plaintiff's retaliation claims. *Rubin v. Valicenti Advisory Servs., Inc.*, 236 F.R.D. 149, 155 (W.D.N.Y. 2006)*, rec. ruling adopted,* 471 F. Supp. 2d 329 (W.D.N.Y. 2007).

McGuire also attempts to re-frame the Town's counterclaims as defensive set-offs, and argues that that because defensive set-offs are sometimes allowed as a limited *exception* to the normal rules of supplemental jurisdiction, the Town's additional request for affirmative relief oversteps the bounds of that exception. *See* Pl.'s Br. at 7 (citing *Mathias v. Jacobs*, 167 F. Supp. 2d 606, 618–19 (S.D.N.Y. 2001); *Prudential Equity Grp., LLC v. Ajamie*, 524 F. Supp. 2d 473,

475–76 (S.D.N.Y. 2007)); Pl.'s Reply Br. at 2–3. But the Town's counterclaims are not defensive set-offs of the kind for which the exception was created. Both of the cases on which McGuire relies define a setoff as essentially a liquidated claim asserted *solely* to reduce the amount of damages awarded to the opposing party. *See Prudential Equity Grp., LLC*, 524 F. Supp. 2d at 476 (citing 3 Moore's Federal Practice § 13.31, which "defin[es] a setoff as a claim 'for a liquidated or otherwise ascertained amount pleaded solely to diminish or reduce a judgment for the opposing party'"); *Mathias*, 167 F. Supp. 2d at 619 (applying the following four-prong test: "(1) the subject of the counterclaim is a transaction extrinsic to the primary claim; (2) . . . the amount in controversy is liquidated (or capable of liquidation); (3) the counterclaim grows out of a contract (it may also stem from a judgment); and (4) the counterclaim is interposed defensively to reduce the amount of Mathias's recovery."). The Town's counterclaims, by contrast, are not liquidated claims for damages, but instead are the natural extension of their after-acquired evidence defenses.

McGuire separately argues that Title VII plaintiffs enjoy an "absolute privilege" against counterclaims sounding in tort. I am sympathetic to the policy arguments behind McGuire's position. But, as the Town points out, there is no such prohibition. First, the cases on which McGuire relies—which are identical to those relied on in her initial motion to dismiss—do not clearly mandate that outcome. *EEOC v. First National Bank of Jackson*, 614 F.2d 1004 (5th Cir. 1980), does open with the strong language quoted by McGuire, s*ee id.* at 1006 ("[A]n employer may not counterclaim or defend based on tort claims."), but the tort claimed in that case was malicious prosecution and the court deemed it to be wholly unrelated to the primary case, *id.* at 1008. Moreover, as the Town points out, *Spencer* itself invokes that policy against tort counterclaims only in dicta and explicitly declines to resolve the question whether a tort claim

may be asserted against a Title VII plaintiff. *See Spencer*, 623 F. Supp. at 1011 n.2 ("[S]ince this Court has dismissed the Bank's claims for other reasons, the Court need not resolve this issue."). More recent decisions have squarely rejected McGuire's argument. *See, e.g.*, *Deshaw*, 1991 WL 107271, at *6 (pointing to *Avigliano v. Sumitomo Shoji America, Inc.,* 473 F.Supp. 506, 515–16 (S.D.N.Y. 1979), a Title VII action in which the court sustained defendant employer's tort-based counterclaim).

McGuire also suggests that allowing counterclaims sounding in tort would have a "chilling effect" on Title VII claimants. But although "a baseless pleading can, under certain circumstances, constitute adverse employment action sufficient to state a claim for retaliation," *Flores v. Mamma Lombardis of Holbrook, Inc.*, 942 F. Supp. 2d 274, 279 (E.D.N.Y. 2013), McGuire has not alleged that is the case here. To the extent that McGuire asserts a policy argument that allowing employers to countersue against complaining employees will reduce Title VII claims, her solution here would only limit an employer's ability to do so *in federal court*—if I decline to exercise supplemental jurisdiction here, the Town could always institute a state court action on the same claims, which might end up increasing costs for McGuire by forcing her to litigate in two forums. Instead, as I explained at the motion hearing, I can address any genuine problems with prejudice arising from the counterclaims by bifurcating the trial.

### IV.   Conclusion

McGuire's motion for reconsideration is **denied**. (doc. 67).

So ordered.

Dated at Bridgeport, Connecticut, this 6th day of June 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge